IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| JEAN H. LEADER, | : Civil Action No. 3:07-43 |
| Plaintiff, | : |
| vs. | : |
| GOGGINS & LAVINTMAN, P.A., | : |
| Defendant. | : |

## COMPLAINT

Jean Leader, by her attorney Ray Johnson, for her claims against the Defendants states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Jean Leader, is a natural person residing in Wellman, Iowa.

4. Defendant Goggins & Lavintman does business in Iowa with its principle place of business located in Eagan, Minnesota.

5. Goggins & Lavintman is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Plaintiff Jean Leader wrote two checks to Riverside Travel Mart on or about December 1, 2006 that allegedly were not honored.

7. At some point thereafter, the accounts were assigned to Trac-A-Chec, Inc. Goggins & Lavintman were retained by Trac-A-Chec, Inc. to collect on the account.

8. On or around February 15, 2007, Leader received a collection letter from Goggins & Lavintman regarding the checks.

9. The letter stated that Leader owed $172.43 within 35 days of the date of the letter. One check was for $8.84 and the second check was for $31.97. For both checks, Goggins & Lavintman charged a $30 service charge plus a "potential civil penalty." The civil penalties totaled $81.62 for both checks. These charges are in excess of those permitted under Iowa law.

10. The letter also said that Leader had received a Notice of Dishonor more than thirty days earlier. Leader received no such notice from Goggins & Lavintman.

11. The collection letter at issue also misrepresented Iowa law as to the amount recoverable for an allegedly dishonored check.

## V. FIRST CLAIM FOR RELIEF

12. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal

obligation) unless such amount is authorized by agreement creating the debt or permitted by law;

    b. Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representations, including but not limited to, the character, amount, or legal status of the debt.

    c. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action that cannot legally be taken.

13. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

## VI. RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendants for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692k;

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

D. For such other relief as the Court deems appropriate in the circumstances.

## VII. SECOND CLAIM FOR RELIEF

14. All facts and allegations of this Complaint are incorporated herein by reference.

15. Defendant violated Iowa's Debt Collection Practices Act. Defendant's violations include but are not limited to:

    a. Defendant violated Iowa Code § 537.7103(4) by using fraudulent, deceptive or misleading representations or means to collect or attempt to collect a debt or to obtain information concerning a debtor;

b. Defendant violated Iowa Code § 537.7103(1)(f) by threatening to take an action prohibited by this chapter or any other law, including violations of Iowa Code § 714.16(2)(a);

c. Defendant violated Iowa Code § 537.7103(4)(e) by intentionally misrepresenting or making a representation which tends to create a false impression of the character, extent or amount of a debt or of its status in a legal proceeding.

16. As a result of the above violations of the Iowa Code, the Defendant is liable to the Plaintiff for statutory damages, actual damages, costs and attorney's fees.

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against the Defendant for the following:

A. Actual damages pursuant to Iowa Code § 537.5201(1).

B. Statutory damages pursuant to Iowa Code § 537.5201(1).

C. Costs and reasonable attorney's fees pursuant to Iowa Code § 537.5201(8).

D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

*/s/ Ray Johnson*

RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Road
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com